UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAVELIN GLOBAL COMMODITIES (UK) LTD,<br><br>                 Plaintiff,<br><br>                 v.<br><br>MERIDA NATURAL RESOURCES LLC,<br><br>                 Defendant. | Case No. 1:20-cv-08945-JPO |

**CONSENT JUDGMENT**

Plaintiff Javelin Global Commodities (UK) Ltd ("Javelin") having filed a Verified Complaint [Doc 1] and Verified Amended Complaint [Doc 10] and Defendant Merida Natural Resources LLC ("Merida") having filed its Verified Answer [Doc 15] thereto; and upon the allegations thereof and the documents attached thereto; and Defendant having (a) consented to the Court's jurisdiction over the Defendant and the subject matter of this action, (b) consented to entry of this Judgment; (c) waived findings of fact and conclusions of law, and (d) waived any rights to a jury trial and appeal from this Judgment:

The Parties have stipulated and agreed as follows:

A.    Under and pursuant to that certain Guaranty and Security Agreement dated June 28, 2019 (as the same has been amended through the date hereof, the "Security Agreement")),[1] (a)

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Security Agreement (a copy of the Security Agreement is attached to the Complaint as Exhibit A [Doc 10-1]) and the documents referenced therein.

1

Merida granted Javelin a lien and security interest in the AMCI Conuma Periodic Payments, (b) Javelin properly perfected that lien and security interest, and, therefore, (c) Javelin has valid, perfected, and enforceable liens in the AMCI Conuma Periodic Payments and/or the proceeds thereof, subject to the prior lien of Bay Point Capital Partners II, LP under the Amended and Restated Loan and Security Agreement dated as of May 31, 2019.

B.   Under and pursuant to the Security Agreement, Merida granted Javelin an irrevocable power of attorney and designated and appointed Javelin as its attorney-in-fact with authority to take various actions designed to allow Javelin to protect its interest in the collateral Merida granted to it, including, without limitation, the rights to (a) demand, collect, settle, compromise and adjust, and give discharges and releases concerning the AMCI Conuma Periodic Payments and (b) commence and prosecute any actions, including an arbitration action, each for the purposes of collecting the AMCI Conuma Periodic Payments and enforcing any other right in respect thereof.

C.   The irrevocable power of attorney granted under the Guaranty and Security Agreement is valid and enforceable.

D.   Javelin properly exercised its power of attorney by (a) notifying Merida of the existence and continuation of Events of Default under the Security Agreement and the exercise of the power of attorney and (b) initiating the arbitration action against AMCI Euro-Holdings B.V. on Merida's behalf.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.   Merida and its related parties, including Thomas M. Clarke, Clarke Investments, LLC, Blue Ridge Natural Resources, LLC, and VCLF Land Trust, Inc. (the "Clarke Parties"), and each of their respective affiliates, employees, attorneys, agents, and representatives shall be

permanently enjoined from (a) negotiating or otherwise communicating with AMCI Euro-Holdings B.V. (or its successors or assignees), Bay Point Capital Partners II, LP (or its successors or assignees) ("Bay Point"), the McCoy Entities, and the Canada Revenue Agency with respect to, as the case may be, (1) the Conuma SPA, including, without limitation, the AMCI Conuma Periodic Payments, (2) the Bay Point Facility, including, without limitation, Defendant's obligations to Bay Point, (3) the McCoy Settlement Agreement, including, without limitation, the McCoy Settlement Cash Proceeds and the McCoy Settlement Conuma Proceeds, and/or (4) Defendant's obligations to the Canada Revenue Agency, (b) compromising, settling, adjusting, discharging, or otherwise altering or affecting (1) the Conuma SPA, including, without limitation, the AMCI Conuma Periodic Payments and the payment thereof into the escrow agreement with Bay Point and, upon payment of Bay Point in full, through this agreement, (2) the Bay Point Facility, including, without limitation, Defendant's obligations to Bay Point, (3) the McCoy Settlement Agreement, including, without limitation, the McCoy Settlement Cash Proceeds and the McCoy Settlement Conuma Proceeds, or any of their respective rights vis-à-vis AMCI, Bay Point, and/or the McCoy Entities, and/or (4) Defendant's obligations to the Canada Revenue Agency and (c) selling, assigning, encumbering, or otherwise transferring its or their rights, claims, or interests under the Conuma SPA, the Bay Point Facility, and the McCoy Settlement Agreement, without the express written consent of Plaintiff, until all of the obligations to Plaintiff shall have paid in full.

2. The Court shall retain jurisdiction over this case until termination of this Consent Judgment for the purpose of resolving disputes arising under this Consent Judgment, entering orders modifying this Consent Judgment, or effectuating or enforcing compliance with the terms of this Consent Judgment.

3. There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

DATED: April 1, 2021
New York, New York

The Clerk is directed to close Dkt, No. 39 and to close this case.  So ordered.

_____
J. PAUL OETKEN
United States District Judge

CONSENTS:

_____
Kevin W. Barrett
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV 25301

-and-

137 Betsy Brown Road
Port Chester, NY 10573
T: (304) 345-6555
F: (304) 342-1110
kbarrett@baileyglasser.com

*Attorneys for the Plaintiff*


_____
Timothy E. Dixon, Esquire
9801 Michaels Way
Ellicott City, Maryland 21042
(410)608-9599 (voice)
(443)836-9161 (fax)
timothy.dixon@clarkeinvestments.com

*Counsel for the Defendant*